Shannon L. Hopkins (admitted *pro hac vice*)
Email: shopkins@zlk.com
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Facsimile: (212) 363-7171

*Class Counsel and Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE RESTORATION ROBOTICS, INC. SECURITIES LITIGATION. | Case No. 5:18-cv-03712-EJD <br><br> **CLASS ACTION** |

**[AMENDED PROPOSED] ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARD TO LEAD PLAINTIFF**

WHEREAS, this matter came before the Court on September 9, 2021 (the "Settlement Hearing"), on Class Counsel's motion for an award of attorneys' fees, reimbursement of expenses, and incentive award to Plaintiff (the "Motion"). The Court, having considered all matters submitted to it prior to, during, and following the Settlement Hearing; and it appearing that the Claims Administrator posted a copy of the notice, substantially in the form approved by the Court (the "Notice"), to a website dedicated to the administration of the settlement of this action; and that the Notice Packets providing notice of the hearing, substantially in the form approved by the Court (the "Notice Packets"), were mailed to 9,989 potential Class Members and nominees; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees, expenses, and Plaintiffs' awards requested;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates and makes a part hereof: (i) the Stipulation and Agreement of Settlement (the "Stipulation"), dated April 22, 2021; and (ii) the Notice, which was filed with

the Court therewith. Capitalized terms not defined in this Order shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including Class Members.

3. Class Members were notified that Class Counsel would be applying for an award of attorneys' fees and expenses, and further, that such application also might include a request for an award to Plaintiff Edgardo Guerrini, which payment would include, but would not be limited to, reimbursement of his reasonable costs and expenses related to his representation of the Class. The form and method of notifying the Class of the motion for an award of attorneys' fees and reimbursement of expenses satisfied the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel's Motion is granted, and Plaintiff's Counsel are hereby awarded from the Settlement Fund: (i) attorneys' fees in the amount of $1,043,750.00; and (ii) payment of litigation expenses in the amount of $125,142.99, which sums the Court finds to be fair and reasonable.

5. In accordance with 15 U.S.C. § 78u-4(a)(4), the Court hereby awards an incentive payment ~~from the Settlement Fund~~ to Plaintiff Edgardo Guerrini in connection with his representation of the Settlement Class, in the amount of $15,000, to be paid from the awarded attorneys' fees and expenses as indicated in Plaintiff's preliminary approval motion (ECF No. 108).

6. The award of attorneys' fees and expenses, ~~as well as the incentive awards to Plaintiff~~, including but not limited to Plaintiff's costs and expenses, shall be immediately payable from the Settlement Fund, subject to the terms, conditions, and obligations of the Stipulation.

7. In making the awards of attorneys' fees, litigation expenses, and reimbursement of Plaintiff's costs and expenses to be paid from the Settlement Fund, the Court has considered and

found that:

    a.    The Settlement constitutes a favorable result for the Settlement Class as it created a common fund of $4.175 million in cash from which numerous Class Members who submit acceptable Proofs of Claim will benefit;

    b.    The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Plaintiff who has been directly involved in the prosecution and resolution of the Action and who has substantial interests in ensuring that any fees and expenses paid to counsel are duly earned and not excessive;

    c.    Notice was disseminated to Class Members stating that counsel would be submitting an application for attorneys' fees in an amount not to exceed 25% of the Settlement Amount, and payment of expenses incurred in connection with the prosecution of this Action in an amount not to exceed $200,000, and that such application also might include an incentive payment of up to $25,000, which payment includes but is not limited to reimbursement of Plaintiff's reasonable costs and expenses directly related to Plaintiff's representation of the Class.  No Class Members have filed an objection to that application for fees and expenses;

    d.    Class Counsel have expended substantial time and effort pursuing the Action on behalf of the Class;

    e.    The Action raised many complex factual and legal issues;

    f.    Class Counsel assumed substantial risk by pursuing the Action on a contingent basis, having received no compensation during the Action, and expecting any fee award would be contingent on the result achieved;

    g.    As set forth in the Motion, Class Counsel devoted over 2,015 hours to the prosecution of the Action;

    h.    The fee awarded results in a lodestar multiplier of 0.76 which confirms the

reasonableness of the requested fee;

    i. Public policy strongly favors rewarding firms for bringing successful securities class action litigation;

    j. The amounts to be paid from the Settlement Fund for attorneys' fees, expenses, and Plaintiff's incentive payments are fair and reasonable and consistent with awards in similar cases.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: September 9, 2021

_____
Honorable Edward J. Davila
United States District Judge